IH-32                                                                                                  Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

### Full Caption of Later Filed Case:

NEW YORK IMMIGRATION COALITION, MAKE THE ROAD NEW YORK, CASA, AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE, ADC RESEARCH INSTITUTE, FIEL HOUSTON INC.

Plaintiff

Case Number

vs.

DONALD J. TRUMP, in his official capacity as President of the United States, UNITED STATES DEPARTMENT OF COMMERCE; WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and STEVEN DILLINGHAM, in his official capacity as Director of the U.S. Census Bureau

Defendant

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS, PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PHOENIX, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS,

Plaintiff

Case Number

1:18-cv-02921-JMF

vs.

UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, and BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau,

Defendant

IH-32                                                                                                                                  Rev: 2014-1

## Status of Earlier Feed Case:

☑ Closed      (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open      (If so, set forth procedural status and summarize any court rulings.)

Following the Supreme Court's decision affirming in part and reversing in part this Court's decision, this Court entered an order consistent with the Supreme Court's decision. Defendants appealed to the Second Circuit, but moved for voluntary dismissal of the appeal. The motion was granted.

Judge Furman retains jurisdiction over No. 18-cv-02921 under his July 16, 2019 order, which states, "The Court will retain jurisdiction in this case to enforce the terms of this Order until the 2020 census results are processed and sent to the President by December 31, 2020."

## Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

In this case, Plaintiffs The New York Immigration Coalition ("NYIC") et. al. challenge President Trump's July 21, 2020 Memorandum addressed to Defendant Commerce Secretary Wilbur Ross titled, "Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census" (the "Memorandum"). Under Local Rule 13, this case is related to the consolidated cases of State of New York et al. v. United States Department of Commerce, and New York Immigration Coalition v. United States Department of Commerce and New York, 1:18-cv-2921-JMF (the "Citizenship Question Cases"). All four factors identified in Local Rule 13 support a finding of relatedness.

First, this case and the Citizenship Question Cases involve the same parties and many of the same events. Both cases have the same plaintiffs and the same defendants. Based on overlapping conduct, both cases allege violations of the Fifth Amendment, the Administrative Procedure Act, and the Enumeration Clause, arising from the same course of conduct, i.e., Defendants' wrongful efforts to suppress the census response rates of immigrant communities, and to manipulate the census to curb the political power of immigrant communities.

Indeed, the Trump Administration has specifically tied the Memorandum challenged in this case to the Citizenship Question Cases. In unveiling the Memorandum, the President issued a statement that begins: "Last summer in the Rose Garden [following the Supreme Court's decision in the Citizenship Question Cases], I told the American people that I would not back down in my effort to determine the citizenship status of the United States population. Today, I am following through on that commitment by directing the Secretary of Commerce to exclude illegal aliens from the apportionment base following the 2020 census." The President's July 21 statement similarly concludes: "Under an Executive Order I signed last year [after the Supreme Court's decision in the Citizenship Question Cases], Federal departments and agencies have been collecting the information needed to conduct an accurate census and inform responsible decisions about public policy, voting rights, and representation in Congress. Today's action further advances this effort and is another example of my Administration's commitment to faithfully representing the citizens of the United States and putting their interests first."

Plaintiffs in this case, moreover, allege that the challenged Memorandum conflicts with representations that the Department of Justice made to Judge Furman in the Citizenship Question Cases regarding whether undocumented immigrants would be counted in the 2020 census and relatedly in apportioning U.S. House seats among the states. The Administration's reversal of these prior representations to Judge Furman forms part of the basis for Plaintiffs' claims in this case and the equitable relief that Plaintiffs may seek.

Second, this case and the Citizenship Question Cases have considerable factual overlap. In the Citizenship Question Cases, Plaintiffs established injuries at trial by demonstrating that the Administration's actions would lower census response rates from immigrant communities. Plaintiffs allege the same injuries in this case. This case, like the Citizenship Question Cases, may also involve factual questions regarding the existence and reliability of administrative data that the Executive Branch possesses to determine the citizenship status of individuals residing in the United States. The claims in this case are based on a continuation of the same facts that formed the basis of the Citizenship Question Cases, as well as actions taken by the Defendants during the course of, and in response to, the Citizenship Question Cases.

Third, absent relation of these cases, the parties may be subject to conflicting orders. Judge Furman retains jurisdiction to enforce the permanent injunction concerning the conduct of the 2020 census in the Citizenship Question Cases, and the Defendants' conduct challenged in this case—similarly in violation of the Administrative Procedure Act and the Constitution—presents an end run around the injunction. In addition, given the Defendants' history of discovery misconduct in the Citizenship Question Cases as well as more recently, see New York v. Wolf, 1:20-cv-01127-JMF, ECF No. 89 (S.D.N.Y. July 23, 2020), relation will ensure consistent enforcement of orders relating to the Defendants' discovery obligations.

Finally, without a determination of relatedness there will be substantial duplication of effort for the parties, witnesses and the Court. In the Citizenship Question Cases, Judge Furman held an eight-day bench trial, which included testimony of over 30 witnesses and 513 exhibits entered into evidence. Much of that testimony and evidence related to Plaintiffs' injuries from reduced census response rates among immigrant communities of color, which will be directly relevant to Plaintiffs' alleged injuries in this case. Judge Furman issued a 277-page opinion and order including findings of fact and conclusions of law, many of which are relevant to the instant case. Without a determination of relatedness, much of this effort could be duplicated.

Under Local Rule 13, there is a general presumption that two cases are not related if one of the cases is no longer pending before the Court. It is unclear whether that presumption applies given that Judge Furman expressly retains jurisdiction over the Citizenship Question Cases until December 31, 2020. But even if the presumption does apply, it is overcome, both by the compelling connection between the two cases, judicial economy, and by the fact that the Court retains jurisdiction in the Citizenship Question Cases to enforce its order.

Signature: /s/ John Freedman      Date: 7/24/20

Arnold & Porter Kaye Scholer LLP

Firm: _____