IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――x

| | | |
|---|---|---|
| **NEW YORK IMMIGRATION COALITION,** | | |
| **MAKE THE ROAD NEW YORK, CASA,** | : | Docket No. |
| **AMERICAN-ARAB ANTIDISCRIMINATION** | | 1:20-cv-05781 |
| **COMMITTEE, ADC RESEARCH INSTITUTE,** | : | |
| **FIEL HOUSTON INC.** | | |
| Plaintiffs, | : | |
| v. | | |
| **DONALD J. TRUMP**, in his official capacity | : | **MOTION TO** |
| as President of the United States, | | **INTERVENE** |
| **UNITED STATES DEPARTMENT OF COMMERCE;** | : | |
| **WILBUR L. ROSS, JR.**, in his official capacity as | | |
| Secretary of Commerce, | : | |
| **BUREAU OF THE CENSUS**, an agency within the | | |
| United States Department of Commerce; and | : | |
| **STEVEN DILLINGHAM**, in his official capacity as | | |
| Director of the U.S. Census Bureau, | : | |
| Defendants. | | |
| and | : | **August 2, 2020** |
| **Robert A. Heghmann**, | | |
| v. | : | |
| **DONALD J. TRUMP**, in his official capacity | | |
| as President of the United States, | : | |

―――――――――――――――――――――――――――――x

1

**PLAINTIFF – INTERVENOR ROBERT A. HEGHMANN'S MOTION TO INTERVENE**

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Ohio State Conference of NAACP v. Husted*, 588 F. App'x 488, 490 (6th Cir. 2014) (citation omitted); see *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). The Plaintiff-Intervenor meets each of these requirements for intervention as of right.

This litigation directly implicates the Plaintiff – Intervenor's interest in protecting the integrity of his vote under the One Person, One Person Mandate. The Presidential Executive Order at issue here is a clumsy attempt to re-invigorate the One Man, One Vote Mandate in the face of unbridled immigration, both legal and illegal. As is set forth in the Plaintiff-Intervenor's Complaint, that same unbridled immigration in Virginia and throughout the United States is being used to debase and dilute the

2

votes and therefore the voice the voice of suburban and rural voters. The Plaintiff-Intervenor is a rural voter whose vote will be debased and diluted in Congressional Elections in Virginia in 2020. While the Intervenor-Plaintiff disagrees with the Executive Order as issued by the President, he supports and agrees that a Presidential Executive Order must be issued immediately requiring every state to comply with the *Horsey* Rule described in the Plaintiff Intervenor's Memorandum in Support of his Motion for an Order to Show Cause, Motion for Declaratory Judgment and Motion for a Preliminary and Permanent Injunction. The issues raised in said Memorandum and the issues currently being raised in this litigation overlap and the Plaintiff-Intervenor will suffer the loss of his voice in the 2020 elections unless he is permitted to intervene.

## ARGUMENT I

### Intervention Should be allowed as a Matter of Right

1) *Plaintiff-Intervenor's Motion is Timely*.

The timeliness of an application for intervention is evaluated "in the context of all relevant circumstances," including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of

their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); see *United States v. City of Detroit*, 712 F.3d 925, 930-31 (6th Cir. 2013) (same). Here, the case is still at the earliest stage. The Defendants have neither answered nor moved to dismiss. No factual or legal issues have been litigated. And the parties will not be prejudiced by the intervention.

2) *The Plaintiff-Intervenor Has a Substantial Legal Interest in the Subject Matter of This Case.*

Courts of Appeals around the country have subscribed to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted); see also *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6thCir. 1987) ("[I]nterest' is to be construed liberally."). No specific legal or equitable interest is required, *see Grutter*, 188 F.3d at 398, and even "close cases" should be "resolved in favor of recognizing an interest under Rule 24(a)," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

3) *Intervention in this Case is Necessary to Protect the Plaintiff – Intervenor's Interest*

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." Miller, 103 F.3d at 1247. "This burden is minimal," and can be satisfied if a determination in the action may result in "potential stare decisis effects." Id.; see also *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired").

The President's Executive Order is aimed directly at preserving the votes and therefore the voice of suburban and rural voters such as the Plaintiff-Intervenor by influencing the 2020 Census and its use in future apportionment. The Order is, however, mis-directed at the 2020 Census instead of the 2020 Congressional and Presidential elections. Unless re-directed as suggested by the Plaintiff-Intervenor, suburban and rural voters such as the Plaintiff-Intervenor will suffer dilution of their votes and their voice in the 2020 elections.

4) *The Existing Parties Cannot Protect the Interest of the Plaintiff Intervenor*.

The Plaintiff - Intervenor carries a minimal burden to show that the existing parties to this litigation inadequately represent the United States' interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund,* 207 F.3d 854, 863 (6th Cir. 2000). A potential intervenor "need not prove that the [existing parties']

representation will in fact be inadequate, but only that it 'may be' inadequate." Id. (citations omitted) (emphasis added); see also *Davis v. Lifetime Capital, Inc.,* 560 F. App'x 477, 495 (6th Cir. 2014) ("The proposed intervenor need show only that there is a potential for inadequate representation.") (citation omitted) (emphasis in original). The Plaintiff – Intervenor satisfies this burden.

The Plaintiff – Intervenor has a personal interest in enforcing the *Horsey* Rule. He was the attorney who represented Wade Horsey in the *Horsey* litigation. He is uniquely qualified to present the issues raised in that litigation in this action and to convince the Court why a Presidential Order implementing the *Horsey* Rule nationally before the 2020 elections is not only appropriate but necessary to protect the votes and therefore the voice of suburban and rural voters.

## Argument II

### The Plaintiff - Intervenor Should Be Allowed to Intervene by Permission

The Plaintiff - Intervenor may also be granted leave to intervene by permission. Rule 24(b)(2) permits intervention on timely motion by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion," a court "must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

For the reasons detailed in Section A, supra, the Motion to Intervene is timely. Further, the Plaintiff-Intervenor will assert issues that would require the Court to resolve questions of fact and law that are common to—and in some instances, identical to—questions raised by the existing parties.

For the foregoing reasons, the Plaintiff-Intervenor respectfully requests that the Court grant the Plaintiff – Intervenor's Motion to Intervene.

Respectfully submitted,

*Bob Heghmann*

_____

Robert A. Heghmann
P.O. Box 6342
Virginia Beach, Virginia 23456
Tel. 603-866-3089
Bob_Heghmnaa@Reagan.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document will be served pursuant to Rule 5 (b)(E) by filing with the Court via U.S. Mail, postage pre-paid, where it will be sent electronically to counsel for all registered participants. In addition a copy of this pleading has been sent via e-mail to Mathew Colangelo, Office of the New York

State Attorney General at Mathew.Cokangelo@ag.ny.gov who seems to have taken the lead among Plaintiffs' counsel.

*Bob Heghmann*
_____

Robert A. Heghmann