**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____x

**NEW YORK IMMIGRATION COALITION,**

**MAKE THE ROAD NEW YORK, CASA,**      :      **Docket No.**

**AMERICAN-ARAB ANTIDISCRIMINATION**      **1:20-cv-05781**

 **COMMITTEE, ADC RESEARCH INSTITUTE,**     :

**FIEL HOUSTON INC.**

                Plaintiffs,      :

v.

**DONALD J. TRUMP**, in his official capacity     :      **MOTION FOR**

as President of the United States,      **ORDER TO SHOW**,

**UNITED STATES DEPARTMENT OF COMMERCE; :**      **MOTIONS FOR PRELIM-**

**WILBUR L. ROSS, JR**., in his official capacity as      **INARY AND PERMAN-**

Secretary of Commerce,      :      **ENT INJUNCTIONS**

**BUREAU OF THE CENSUS**, an agency within the

United States Department of Commerce; and      :

**STEVEN DILLINGHAM**, in his official capacity as

Director of the U.S. Census Bureau,      :

                Defendants.

and      :      **August 2, 2020**

**Robert A. Heghmann**,

v.      :

**DONALD J. TRUMP**, in his official capacity

as President of the United States,      :

_____x

## MOTION FOR AN ORDER TO SHOW CAUSE, MOTIONS FOR PRELIMINARY AND PERMANENT INJUNCTIONS

The Plaintiff Intervenor hereby requests the Court to hold an immediate hearing prior to August 30, 2020, in time for the Congressional and Presidential Elections scheduled for November, 2020, on his request for an Order to Show Cause why:

1. A Preliminary and permanent injunction should not issue directing the Secretary of Commerce to instruct the Census Bureau to provide citizenship data for every congressional district in the United States to the Plaintiff-Intervenor and every state in the United States for the purpose of re-districting congressional districts to comply with the One Person, One Vote Requirement as set forth in the *Horsey* Rule;

2. A Preliminary and Permanent Injunction should not issue directing the President of the United States to enforce the laws of the United States, specifically the One Person, One Vote Mandate, and require congressional districts to comply with the *Horsey* Rule and establish congressional districts in each

state that are all within 10% of the congressional district with the lowest percentage of foreign-born non-citizens prior to the 2020 Elections

3. A Preliminary and Permanent Injunction should not issue directing the Secretary of Commerce to order the Census Bureau to report on an annual basis the citizen/non-citizen ratio of every congressional district and state legislative district in the United States for the purpose of re-districting in accordance with the *Horsey* Rule; and

4. A Preliminary and Permanent Injunction should not issue directing the President of the United States to enforce the laws of the United States, specifically the One Person, One Vote Mandate, and require state legislative districts to comply with the *Horsey* Rule and establish state legislative districts in each state that are all within 10% of the state legislative district with the lowest percentage of foreign-born non-citizens.

As this Court recognized in its Order of July 20, 2020, Doc. # 22, "Given the time sensitivities involved with the issues in this case, … the Court will hold an initial pretrial conference with all parties by telephone on Thursday, August 13, 2020, at 2:15 p.m." That meeting has now been moved up to August 5, 2020. The

Plaintiff-Intervenor requests permission to participate in thar pretrial conference to argue that the issues he is raising, which will make the issues originally raised by the Plaintiffs Moot, should be decided in favor of the Plaintiff-Intervenor at the August 5, 2020 Telephone Conference.

This Court (and the Second Circuit) is bound by the decision in *Horsey v. Bysiewicz*, No. 3:99-cv-SRU, WL 725363 (D. Conn. 2004)(Three Judge Panel). "No statute defines the precedential force of each panel's decision on subsequent panels of the same circuit. Intracourt comity, the model followed by district courts, could have been adopted by the courts of appeals.' Instead, all thirteen circuits, with the possible exception of the Seventh Circuit, have developed the interpanel doctrine: No panel can overrule precedent established by any panel in the same circuit; all panels are bound the by prior panel decisions in the same circuit". (footnotes omitted) Philip M. Kanan, The Precedential Force of Panel Law, 76 Marquette L. Rev. 755, 755 – 756 (1993)(citing *U.S. Ianniello*, 808 F.2d 184, 190 (2d Cir. 1986) *cert. denied sub. nom. Cohen v. U.S*., 483 U.S. 1006 (1987). Thus, the *Horsey* Rule as set forth in the *Horsey* decision is the law of the Case in this matter.

Even if the current parties contest whether not Virginia's congressional districts are in violation of the *Horsey* Rule, there can be no argument that New York's congressional districts violate the *Horsey* Rule. Attached please find a Report issued by the City of New York titled State of Our Immigrant City – Annual Report

2018. The data contained in the Report "is based on 2012-2016 5-Year American Community Survey Public Use Microdata Sample (ACS PUMS) as augmented by the Mayor's Office for Economic Opportunity. The ACS PUMS is a weighted sample, and weighting variables are used to generate accurate estimates and standard errors" Report at 9. "All five boroughs have significant immigrant populations. That pattern holds true for the distribution of undocumented immigrants across the boroughs as well". Report at 10. The Report finds that 37.8% of New York City's population are foreign-born. While 20.6% are naturalized citizens, 17.2 % are non-citizens. Report at 11 With rural congressional districts having less than 1% of the residents being foreign-born, non-citizens it is statistically impossible for New York State to meet the 10% Rule established by *Horsey*. In order to avoid a constitutional taint, New York State must re-apportion before the 2020 elections.

Dragging out this litigation makes absolutely no sense and threatens to create a constitutional crisis the likes of which have not been seen in the United States for over 200 years. Without intervention by the President, the 2020 congressional elections and potentially the Presidential election will be unconstitutional under the One person, One Vote mandate. Whether the President accepts the outcome of that election or not, the 63+ million voters who support will not. At the same time, adherence to the *Horsey* decision which is the highest authority on the effect of Citizenship on Apportionment in the United States and is binding law in this Circuit,

makes both the President's initial Presidential Order and the issues raised by the Plaintiffs Moot.

With regard to the Questions raised by the Court in the July 20th Order, the Plaintiff-Intervenor responds:

(3) whether there is a date by which the issues in these cases need to be resolved and, if so, what that date is;

Plaintiff-Intervenor's response is yes. This case be can be and should be resolved no later than August 30, 2020.

(4) whether Plaintiffs anticipate moving for preliminary relief and, if so, when and on what grounds;

Plaintiff-Intervenor's response is yes. His Motions and Memorandum in Support have been mailed to  the Court.

Therefore, for the reasons set forth in the <u>Plaintiff-Intervenor's Memorandum of Law in Support of the Motion for Order to Show Cause and Motions for a Preliminary and Permanent Injunction,</u> President Donald J. Trump should Order the States to bring every Congressional District not conforming to the *Horsey* Rule into compliance prior to the November 2020 elections.

Respectfully submitted,

*Bob Heghmann*
_____

Robert A. Heghmann

P.O. Box 6342

Virginia Beach, Virginia 23456

Tel. 603-866-3089

Bob_Heghmnaa@Reagan.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document will be served pursuant to Rule 5 (b) (E) by filing with the Court via U.S. Mail, postage pre-paid, where it will be sent electronically to counsel for all registered participants. In addition a copy of this pleading has been sent via e-mail to Mathew Colangelo, Office of the New York State Attorney General at Mathew.Cokangelo@ag.ny.gov who seems to have taken the lead among Plaintiffs' counsel.

*Bob Heghmann*
_____

Robert A. Heghmann