UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
NEW YORK IMMIGRATION COALITION et al.,       :
:
                        Plaintiffs,       :
:      20-CV-5781 (JMF)
          -v-       :
:      MEMORANDUM OPINION
DONALD J. TRUMP, *in his official capacity as*       :      AND ORDER
*President of the United States*, et al.,       :
:
                        Defendant.       :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Robert A. Heghmann moves, pursuant to Rule 24(a)(2) and (b)(2) of the Federal Rules of Civil Procedure, to intervene in this lawsuit, which challenges the President's January 21, 2020 Memorandum directing the Secretary of Commerce to exclude undocumented immigrants from the decennial census count for purposes of apportioning congressional seats to states.[1] "In order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (quoting *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992)). "Substantially the same factors are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2)." *Id.* at 300 n.5.

---

[1]     For reasons that are not clear, Heghmann seeks to intervene only in 20-CV-5781 (JMF). He does not seek to intervene in *State of New York v. Trump*, No. 20-cv-5770 (JMF), related litigation currently pending before the Court.

Measured against these requirements, Heghmann's motion fails for at least three reasons. First, it is far from clear that there is a "*Horsey* Rule" — the premise of his motion. *Horsey v. Bysiewicz*, No. 3:99-CV-2250 (SRU), 2004 WL 725363 (D. Conn. Mar. 24, 2004), upon which he relies, does not appear to have announced such a rule; instead, it reaffirmed an earlier grant of summary judgment *dismissing* the claims of Heghmann's client. Second, even if Heghmann were correct in his reading of *Horsey*, that decision was not from the Second Circuit, as Heghmann suggests, *see* ECF No. 40, at 7 (citing Philip M. Kannan, *The Precedential Force of Panel Law*, 76 MARQ. L. REV. 755, 755-56 (1993)), but from a three-judge district court in another district. Accordingly, it is not binding on this Court. Finally, Heghmann's sole argument for why his interests in pressing the so-called *Horsey* Rule are not protected adequately by the parties to this action is that "[h]e was the attorney who represented Wade Horsey in the *Horsey* litigation" and is thus "uniquely qualified to present the issues raised in that litigation in this action." ECF No. 38, at 6. That is plainly insufficient. Whether he litigated *Horsey* or not, Heghmann is in no better position to interpret or apply the *court's* decision than the parties or this Court. Indeed, if Heghmann's standard were the law, then any attorney who had litigated a case could intervene as of right in a later case raising similar issues.

Accordingly, Heghmann's motion to intervene must be and is DENIED. It follows that his request to participate in the conference scheduled for August 5, 2020, is also DENIED.

The Clerk of Court is directed to terminate ECF Nos. 38 and 39.

SO ORDERED.

Dated: August 4, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2